IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-00720-WDM-MJW

QFA ROYALTIES LLC,
QIP HOLDER LLC, and
QUIZNO'S CORPORATION,

    Plaintiffs,

v.

D & J INVESTORS CORPORATION,
D & J INVESTORS GROUP, LC, and
ANGIRA SHARMA

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Michael J. Watanabe (Docket No. 58) that a clerk's default be entered in favor of Plaintiffs and against Defendants D&J Investors Corporation and D&J Group, LC ("Corporate Defendants"). Corporate Defendants did not file an objection to the recommendation and, therefore, are not entitled to *de novo* review. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). After a review of the pertinent portions of the record, I conclude that the recommendation should be accepted as modified.

Plaintiffs filed this case in April 2006 for trademark infringement and unfair competition and for breach of a franchise contract. Defendants answered the complaint

on May 9, 2006 (Docket No. 9). On January 3, 2008, in an Order granting Plaintiffs' Motion to Withdraw Representation for Defendants (Docket No. 53), Magistrate Judge Watanabe stated:

> It is **FURTHER ORDERED** that Defendants D&J Investors, Inc. and D&J Group, LC **must** be represented by legal counsel or be subject to default. It is well established that a corporation can appear in court only by an attorney at law. <u>Devilliers v. Atlas Corp.</u>, 360 F.2d 292, 294 (10th Cir. 1966); <u>In the Matter of Tax Indebtedness of Stoltz</u>, 745 F.Supp. 643, 644 n.1 (D. Colo. 1990); and <u>Flora Construction Co. v. Fireman's Fund Insurance Co.</u>, 307 F.2d 413, 414 (10th Cir. 1962).

*See* Minute Order by Magistrate Judge Watanabe, Docket No. 57 (emphasis in original). The record demonstrates that no new legal counsel has entered appearance on behalf of Corporate Defendants. Therefore, Magistrate Judge Watanabe recommends that a clerk's default enter in favor of all Plaintiffs and against Corporate Defendants.

Pursuant to Fed. R. Civ. P. 55(a) "'[w]hen a person against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." This rule has been applied in the Tenth Circuit when corporate defendants fail to obtain counsel. *See Int'l Bhd. Of Elec. Workers, Local Union No. 68 v. Elec. Forces, LLC*, 2007 3119624, at *2 (D. Colo. Oct. 23, 2007); *D.C. Aviation, LLC v. Avbase Flight Srvs., LLC*, 2007 WL 2683554, at *1 (D. Colo. Sept. 7, 2007). Indeed, Local Rule 57.5D contemplates that parties must be warned that "absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed" against the corporation who remains without counsel."

In this case, although Corporate Defendants have apparently failed to obtain

2

counsel in the almost four months since Magistrate Judge Watanabe's January 3, 2008 Minute Order (Docket No. 57), the Minute Order did not specify a date by which counsel was required. I also note that I am unaware of any way by which Corporate Defendants' failure to obtain counsel has adversely affected the prosecution of the case—no hearings have been postponed due to lack of counsel, no motions were filed or responded to without the requisite counsel, and no discovery issues have arisen. Therefore, I find it appropriate to provide Corporate Defendants further opportunity to obtain counsel in this case.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Watanabe (Docket No. 170) is accepted as modified.
2. Defendants D&J Investors Corporation and D&J Investors Group, LLC are ordered to obtain counsel by May 28, 2008.
3. If counsel fails to enter an appearance on behalf of Defendants D&J Investors Corporation or D&J Investors Group, LC, by May 28, 2008, a clerk's default shall enter in favor of all Plaintiffs and against the corporate defendant(s) not represented by counsel.
4. Plaintiffs shall file a Motion for Default Judgment within ten (10) days of the clerk's entry of default.

DATED at Denver, Colorado, on May 1, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge