IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-00720-WDM-MJW

QFA ROYALTIES LLC,
QIP HOLDER LLC, and
QUIZNO'S CORPORATION,

    Plaintiffs,

v.

D & J INVESTORS CORPORATION,
D & J INVESTORS GROUP, LC, and
ANGIRA SHARMA

    Defendants.

## ORDER ON MOTION TO STRIKE JURY DEMAND

Miller, J.

This case is before me on Plaintiffs' Motion to Strike Jury Demand (Docket No. 52). Defendants have not responded to this motion. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion is granted.

### Background

Plaintiffs filed this case in April 2006 for trademark infringement and unfair competition and for breach of a franchise contract. Defendants answered the complaint on May 9, 2006 (Docket No. 9) and included a section demanding that "this case be resolved by trial by jury." (Answer at 14.) Plaintiffs contend, however, that the franchise agreements that form the basis of this case include an enforceable jury trial waiver.

Plaintiffs argue, and Defendants do not dispute, that the two franchise agreements both contain the following provision:

> 21.2 **Waiver of Jury Trial** Franchisor, Franchisee, and the Bound Parties each waive their right to a trial by jury. Franchisee and Franchisor acknowledge that the parties' waiver of jury [trial] rights provides the parties with the mutual benefit of uniform interpretation of this Agreement and resolution of any dispute arising out of this Agreement or any aspect of the parties' relationship. Franchisee, the Bound Parties, and Franchisor further acknowledge the receipt and sufficiency of mutual consideration for such benefit.

(Mtn. at 2; Ex. A–B of Complaint.)[1]

## Discussion

The Seventh Amendment guarantees the right to a trial by jury. U.S. Const. amend VII. In cases litigated in federal courts, this guarantee is governed by federal law. *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988) (citing *Simler v. Conner*, 372 U.S. 221, 221–22 (1963)). Federal law provides that "[a]greements waiving the right to trial by jury are neither illegal nor contrary to public policy." *Id.* (citations omitted). However, the waiver must be knowing and intentional. *See id.* (citing *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir. 1986)); *see also Brady v. United States*, 397 U.S. 742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.") (discussing guilty pleas).

In this case, there is no evidence that the waiver was anything but knowing,

---

[1] The text of the two waivers differs slightly but they state essentially the same thing.

voluntary and intelligent. Indeed, Defendants have provided no response to Plaintiffs' motion asserting that the waiver is not binding or enforceable. The two parties appear to have voluntarily entered into two separate franchise agreements that both included clear and unambiguous waivers of the right to a jury trial. Therefore, I agree with Plaintiffs that Defendants are precluded from asserting their right to a jury trial by the express waiver of such right contained in both of the signed franchise agreements.

    Accordingly, it is ordered:

1. Plaintiffs' Motion to Strike Jury Demand (Docket No. 52) is granted.
2. Defendants' jury demand in their answer (Docket No. 9 at 14) is stricken and this matter shall proceed as a trial to the Court pursuant to Fed. R. Civ. P. 52.

DATED at Denver, Colorado, on May 1, 2008.

                                          BY THE COURT:

                                          s/ Walker D. Miller
                                          United States District Judge